# EXHIBIT "A"
### State Court Documents



IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

SHELBY COUNTY
CHANCERY COURT
APR 12 2016
DONNA L. RUSSELL, C & M
TIME:_____ BY:_____

JOAN HAYNES,

    Plaintiff,

vs.                                    No. _CH-16-0629-3_
                                       **JURY TRIAL DEMANDED**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant,

---

### COMPLAINT FOR DECLARATORY RELIEF
### AND A SPEEDY HEARING UNDER RULE 57, T.R.C.P.

---

COMES NOW the Plaintiff, JOAN HAYNES, by her attorney, Mark Ledbetter, and for

her Complaint against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE

COMPANY, and states:

### PARTIES

1.    Plaintiff, Joan Haynes, resides at 1607 Willey Street, Memphis, Tennessee 38119-

6962.

2.    Defendant, State Farm Mutual Automobile Insurance Company [hereafter "SF"], is

an insurance company domiciled at State Farm Plaza, in Bloomington, Illinois and doing business in

Memphis, Shelby County, Tennessee, and can be served by its designated agent for service of

process, Julie Mix McPeak, Commissioner of the Department of Commerce and Insurance, Service

of Process, 500 James Robertson Parkway, Nashville, TN 37243-1131 [615-532-5260], under T.C.A.

§ 56-2-103; that the issue or controversy between the parties, as well as the contract/policy issued by

1

Defendant, arose in Shelby County, Tennessee.

## ACCIDENT

3.      That on or about October 19, 2013, Joan Haynes, age 81, at approximately 9:30 a.m.,

an invitee and member of Colonial Park United Methodist Church, located at 5330 Park Avenue,

Memphis, Tennessee 38119, was injured near the main entrance of the church, when a loose or

unsecured plywood board or plank leaned against a portico column at the entrance by Hank Collins,

fell upon and struck Plaintiff, causing her to fall and suffer serious bodily injuries to her head, hip

and leg, requiring medical care and lengthy rehabilitation; that the said incident required Joan

Haynes to undergo surgery and incur medical care expenses of approximately one hundred and

twenty-five thousand ($125,000.00) dollars to date and to otherwise incur financial losses, permanent

physical impairment and personal injuries for which a suit was filed in Shelby County Circuit Court

by Joan Haynes against Hank (Henry G.) Collins [hereafter "Hank Collins"], inter alia, a State Farm

insured; subsequently, a Judgment was entered in said case against Hank Collins for $100,000.00,

interest, costs and for other relief [Exhibit "A"]; said Hank Collins was at all times pertinent to the

suit and claim against Hank Collins, insured by SF for any acts or omissions that included the

loading and unloading of his insured truck, which was the specific activity and/or transaction in

which Hank Collins was engaged at the time of his negligence, and which activity proximately

caused Joan Haynes' harm, injury and damages.

4.      Hank Collins executed an Assignment [Exhibit "B"] that transferred and assigned all

of his State Farm Automobile policy rights to indemnity, policy limits/benefits, et. al. to Joan

Haynes, as SF failed and refused to (a) tender or provide a defense to Hank Collins in Plaintiff's suit

against him, or to (b) indemnify him for any judgment or claim obtained by Plaintiff, or (c) to

otherwise act in good faith under the express terms of the policy.  The instant suit is brought for

declaratory judgment to declare the rights of the Plaintiff, to obtain the insurance policy benefits due

and owing to Joan Haynes from the SF policy held by Hank Collins for her injuries due to the fault of

Hank Collins and to satisfy the judgment against Hank Collins.  The assignment is proper and valid

under Tennessee law.  Metropolitan Life Ins. Co. v. Brown, 25 Tenn. App. 514, 160 S.W. 2d 434,

438 (1941); Productive MD, LLC v. Aetna Health, Inc., 969 F. Supp. 2d 901 (M.D. Tenn. 2013); In

Re Pedigo, 283 B.R. 493 (E.D. Tenn. 2002).

         5.       Although the Defendant has acknowledged that the underlying cause of Plaintiff's

claim arises from a large plywood plank which was unloaded by Hank Collins from his insured truck

and fell on Joan Haynes, and thus arose from an accidental act of Hank Collins covered by the

Defendant's automobile policy, Defendant relies upon a policy exclusion asserting that Hank Collins

was not "loading or unloading," so as to deny coverage, which assertion is untrue factually and

contrary to the Court's Judgment.  [Exhibit "A"].  Tennessee law favors Plaintiff as to whether,

under the Judgment Hank Collins was by its terms, be to insured at the time of Plaintiff's accident.

State Farm Mut. Auto Ins. Co. v. Transport Indemnity Co., 109 Ariz. 56, 505 P. 2d 227 (1973); Merit

Ins. Co. v. Parent Building Materials, Inc., 176 Ill. 388, 531 N.E. 2d 1015, 1016-1068 (Ill. App. Ct.

1988); American Automobile Insurance Company v. Master Building Supply and Lumber Company,

179 F. Supp. 699, 703-705 (D. Md. 1959); Raffe v. Travelers Indem. Co., 141 Conn. 389, 392-397,

106 A. 2d 716, 717-720 (1954); Unigard Mutual Ins. Co. v. State Farm Mutual Automobile Ins. Co.,

466 F.2d 865, 866 – 868 (10th Cir. 1972); Coulter v. American Employers Ins. Co., 333 Ill. App. 631,

634-641; 78 N.E. 2d 131, 132, 133, 134-136 (1948); Imperium Ins. Co. v. Unigard Ins. Co., 26 F.

Supp. 3d 1104 (E.D. Cal. 2014); See 31 Fordham L. Rev. 177, "Nationwide Liability Insurance;

Loading and Unloading in New York," (1962).

     (a)     A copy of Defendant's letter to Hank Collins of August 29, 2014 denying the claim is

attached hereto as Exhibit "C"; said denial explicitly states that coverage existed for "loading and

unloading," as here.

     (b)     Additionally, the policy coverage of the  SF policy at issue, inclusive of an insured's

"loading and unloading," states as follows:

     Insured means:

     1.     You and resident relations for:

          a. The ownership, maintenance, or use of:

          (1)  Your car;

          (2)  a newly acquired car; or

          (3)  a trailer.

     6.     Plaintiff alleges and avers that the policy language that the Defendant relies upon

does not exclude Plaintiff's otherwise (or Hank Collins a/k/a Henry G. Collins) insurable claim.

Therefore, Plaintiff seeks a declaratory judgment under Rule 57, T.R.C.P.; that the policy coverage

requires SF to pay the Plaintiff's judgment against Hank Collins for negligent unloading.  Plaintiff

seeks and asks for a speedy hearing to avoid delay in the trial of this matter.

     7.     Alternatively, Plaintiff alleges and avers that the policy language is "loading and

unloading," is conflicting and/or ambiguous as to whether or not Plaintiff's claim is excluded in light

of the fact that it is was found that the damages to Plaintiff caused by Hank Collin occurred during the "unloading of building materials" by Hank Collins at Colonial Park United Methodist Church, which "unloading" is otherwise plainly and admittedly covered by Defendant's policy; that such conflicts and/or ambiguity in the policy are to be (a) liberally construed in favor of Plaintiff, as the assignee of the policy owner; (b) strictly construed against its maker, the Defendant; and (c) all doubts resolved in favor of coverage for the Plaintiff for the losses incurred.

  **WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:**

   1. That this Court declare that Hank Collins assignment of SF's policy of automobile insurance with and issued by the Defendant fully insure Plaintiff's losses and claim was valid, and that the judgment is not excluded by SF's policy language, as asserted by the Defendant in its letter denial to Hank Collins on August 29, 2014. [Exhibit "C"].

   2. Alternatively, that this Court determine that the policy language contained in Hank Collins' assigned policy of automobile insurance with Defendant, SF, is conflicting or ambiguous as to whether or not Plaintiff's claim is excluded and, as a result, any such conflict and/or ambiguity, and the policy's construction, must be resolved in favor of the Plaintiff, as assignee and holder of all the rights of the SF insured, Hank Collins, against the Defendant.

   3. That the Court enters a declaratory judgment for the Plaintiff and against Defendant for the full amount of her judgment, interest, expenses, clerk's and discretionary and all other relief to which Plaintiff is entitled.

   4. That Plaintiff have such other relief to which she may be entitled in the premises, including payment of all fees and expenses authorized by T.R.C.P., Rule 54.04 (2), or otherwise, and

pre-judgment interest.

WHEREFORE, Plaintiff, Joan Haynes, respectfully prays a declared judgment against Defendant, State Farm Mutual Automobile Insurance Company, for consequential damages to which Plaintiff is entitled under Exhibits A, B, C and D, in the sum of One Hundred Thousand ($100,000.00) Dollars, including her court costs, clerks and discretionary costs, and any other relief to which Plaintiff is entitled.

Respectfully submitted,

**HALLIBURTON & LEDBETTER**

MARK LEDBETTER (TN #17637)
Attorney for Plaintiff
254 Court Avenue, Suite 305
Memphis, TN 38103
Phone: (901) 523-8153
Fax: (901) 523-8114

6

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOAN HAYNES,

    Plaintiff,

vs.

COLONIAL PARK UNITED METHODIST
CHURCH and HANK COLLINS,

    Defendants.

No. CT-004052-14
**JURY TRIAL DEMANDED**

---

## JUDGMENT

On this date comes on for hearing the Complaint of the Plaintiff, Joan Haynes, statements of counsel, Confession of Judgment by Henry G. Collins, and evidence in support thereof, against the Defendant, Hank Collins a/k/a Henry G. Collins ("Collins"), 6027 Bartley Ridge, Bartlett, Tennessee 38135, from all of which the Court makes the following findings of fact and conclusions of law:

1. That on October 19, 2013, Joan Haynes, Plaintiff, was a member of Colonial Park United Methodist Church ("Colonial Park"). On that date, at or about 9:30 a.m., Ms. Haynes, 81, arrived at Colonial Park for the purpose of volunteering for its annual Festival in the Park event planned for that day on the church premises.

2. When Joan Haynes arrived at the primary entrance to the church, she paused to visit with other member-volunteers under a portico near a brick portico column (18" wide) at the entry.

3. Defendant, Hank Collins (Henry G. Collins), had been hired by Colonial Park to perform work at the church, including the construction of a sound stage for the sanctuary [area of



**EXHIBIT**
**A**

primary worship]. Collins was supervised by Connie Wakeman, a church member, acting as the construction supervisor, who was present at the time of the accident and witnessed it.

4.      At the time of the accident, a 4' x 8' plywood board, one half-inch in thickness was leaned by Collins against the 18" brick column in the portico walkway area near the primary church entrance, near Plaintiff, Joan Haynes, who stood visiting with church members as she prepared to enter the church to act as a volunteer at the Festival. At that time, the heavy 8 foot tall, plywood board fell on Joan Haynes, knocking her to the ground where she struck her head on a concrete planter, and fractured her right hip. Medical expenses and injuries for Ms. Haynes include the following:

            (a)     Medical expenses: $123,437.44

            (b)     Injuries;

                        i)      Left hip intertrochanteric femur fracture with intramedullary nail (screw). An 11.17 inch nail/rod in her left femur was installed, which remains.

                        ii)     Scalp laceration on head– 3cm [1.2 inches].

      After her hip surgery, Joan was treated at OrthoMemphis for rehabilitation. She  had periods of shortness of breath at rest and with minimal exertion. Four months after surgery, she was still in recovery, and had pain radiating inside her knee, although her left hip was "somewhat" improved. She required additional hip surgery and received rehabilitative care. She is now on a walker and is permanently disabled.

5.      At the time of the accident, Collins, a handyman, was in the process of delivering and unloading a total of six (6) of these 4' x 8' one-half inch plywood boards, which unloading he had started, but had not completed delivery of same at the time of the accident. The boards were building materials that were to be used by Collins at Colonial Park on October 19, 2013.

Collins had parked his truck at or near the primary church entrance a few feet from where the Plaintiff's accident occurred. Collins' truck was a 2007 GMC K1500 pick-up, 1GTEK19Z67Z191016. In the process of, and prior to, completion of his delivery of the six (6) plywood boards, the first board unloaded (but not yet delivered to the sanctuary worksite), was leaned by Collins against the portico column; it fell onto Ms. Haynes, severely injuring her.

7.       At the time, Collins stood in the area adjacent to where the accident occurred, as such waiting was a part of his unloading and the delivery of the said boards. Collins was, at the time of the accident, aware of the danger of moving the large 8' x 4' plywood boards at a time when there were members and guests entering and exiting the church's primary entrance. The tall plywood board that fell onto Joan Haynes was neither braced, blocked nor limited in height, and the consequent injury of Ms. Haynes was due to these errors. The board that struck Joan Haynes could have been leaned against the column having a total height of only 4 feet; however, Collins chose to stand it at its full 8 foot height, making it top-heavy. The cause of the board's fall was its height and the leaning of the tall plywood board improperly, and a slight or moderate breeze or gust, which Collins testified by deposition was normal and expected for an October day.

8.       The placement of the board by Collins was in an unsafe place and was a cause of the accident. In fact, the placement of the board, i.e., construction materials, in an entryway was a violation of the following Shelby County Building Code sections:

(i) **Storage and Placement.** Construction equipment and materials shall be stored and placed so as not to endanger the public, the workers or adjoining property for the duration of the construction project. Section 3301.2 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

3

(ii) **Remodeling and Additions.** Required *exits*, existing structural elements, fire protection devices and sanitary safeguards shall be maintained at all times during remodeling, *alterations*, repairs or *additions* to any building or structure. Section 3302.1 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

(iii) **Protection Required.** Pedestrians shall be protected during construction, remodeling and demolition activities as required by this Chapter and Table 3306.1. Signs shall be provided to direct pedestrian traffic. Section 3306.1 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

(iv) **Repair, Maintenance and Removal.** Pedestrian protection required by this Chapter shall be maintained in place and kept in good order for the entire length of time pedestrians may be endangered. The owner or the owner's agent, upon the completion of the construction activity, shall immediately remove walkways, debris and other obstructions and leave such public property in as good a condition as it was before such work was commenced. Section 3306.8 [[Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

9.     The Complaint alleges the negligence of Collins. The court finds that Collins was negligent and at fault, and that Collin's fault, including several building code violations, was a proximate cause of the injuries sustained by Joan Haynes. The accident caused by and negligence of Henry G. Collins, arose out of Collins' ownership and negligent use and unloading of his truck, above described, at Colonial Park United Methodist Church. Collins' acts and omissions were a proximate cause of the bodily injuries of Joan Haynes; further, Collins' acts and omissions were the cause in fact and the legal cause of the bodily injuries and damages of the Plaintiff.

4

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED and DECREED that

the Plaintiff, Joan Haynes, have and be granted a judgment against Defendant, Hank Collins, for

the sum of One Hundred Thousand Dollars ($100,000.00), in addition to interest at the rate of 10

percent per annum from the date hereof, including court costs until paid, for all of which let

execution issue.

<u>Felicia Corbin Johnson</u>
Felicia Corbin-Johnson
Circuit Court Judge – Division 1

Dated: _____12·3·15_____

Approved as to form:

_____
Mark Ledbetter   (TN #17637)
HALLIBURTON & LEDBETTER
254 Court Avenue, Suite 305
Memphis, TN 38103
Phone: (901) 523-8153
Fax: (901) 523-8115
Attorney for Plaintiff

A TRUE COPY ATTEST

JIMMY MOORE, Clerk

_____ D.C.

5

APR. 28. 2016  9:37AM    STATE FARM INSURANCE                NO. 9637   P. 13

FILED

DEC 0 3 2015

CIRCUIT COURT CLERK
BY_____ D.C.

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOAN HAYNES,

     Plaintiff,

vs.                                              No. CT-004052-14
                                                 **JURY TRIAL DEMANDED**

COLONIAL PARK UNITED METHODIST
CHURCH and HANK COLLINS,

     Defendants.

---

### CONFESSION OF JUDGMENT AND ASSIGNMENT OF CLAIM

     I, Henry G. Collins, named as Hank Collins, Defendant, 6027 Bartley Ridge, Bartlett,

Tennessee 38135, am a policyholder of State Farm Mutual Automobile Insurance Company

["State Farm"], and was insured on October 19, 2013 by the said company under Policy No.

D009768-A14-42N [Note: The prior State Farm policy effective on October 19, 2013, is the one

assigned, regardless of the exact number] for my truck, a 2007 GMC K1500; said policy was

current and premiums were fully paid on the date of the accident giving rise to this litigation; that

the VIN for the said insured truck was 1GTEK19Z67Z191016. When suit was filed and I was

served in this case, defense was tendered to State Farm, but no defense was offered and coverage

was declined. The State Farm letter declining a defense and the claim is attached as Exhibit "A."

[Claim No. 42-466R-998].

     I herewith execute a confession of judgment under T.C.A. § 25-2-101(b) which is

permissible under the facts of this case, as the suit has been instituted, service of process issued,

and I have given further testimony in the case. Moreover, I am represented by self-paid counsel,

and I herewith agree to withdraw my Answer and any affirmative defenses that I previously



**EXHIBIT**
**B**

raised in this case, and to assign any and all right to a claim or right to sue State Farm under my State Farm policy to Joan Haynes, Plaintiff, in this matter.

I execute this document for the consideration that Joan Haynes will not otherwise levy or execute her judgment against me personally.

I hereby assign all right, title, claim, benefit, ownership or interest in the said policy and its benefits with respect to the incident in question to Joan Haynes relative to a recovery of money damages for her accidental injuries of October 19, 2013. It is my intent that Joan Haynes have a right to seek to recover any attorney's fees, benefits or expenses, bad faith penalty, punitive damages, or any other damages from State Farm under the said policy, and I agree to cooperate to the fullest extent possible in assisting Joan Haynes to procure any benefits due her and/or otherwise due to me under said policy.

I waive further notice of the proceedings in this matter, and agree to the confession and entry of a judgment against me in this matter without further notice for the sum of $100,000.00, and for clerk's costs, for all let execution issue against State Farm Mutual Automobile Insurance Company.

_Henry G. Collins_

Henry G. Collins, a/k/a Hank Collins

Sworn to and subscribed before me this 11 day of Nov. , 2015 as true and correct.

_Nrline O. Thorne_

Notary Public

My Commission expires:

MELINDA P. THORNTON
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY, TN
MY COMM. EXP. 2-05-2017

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

JOAN HAYNES,

    Plaintiff,

vs.                       Case No.

STATE FARM MUTUAL AUTOMOBILE      **JURY TRIAL DEMANDED**
INSURANCE COMPANY,

    Defendant.

---

**PLAINTIFF'S REQUEST FOR ADMISSIONS PROPOUNDED TO DEFENDANT**

---

    Comes the Plaintiff, Joan Haynes, pursuant to Rule 36 of the Tennessee Rules of Civil

Procedures and for her Request for Admissions Propounded to Defendant, State Farm Mutual

Automobile Insurance Company ("State Farm"), propounds the following requests to admit the

truth of the matters which are recited hereinafter, under oath, and return said responses to

Plaintiff in the time and manner required by law:

    **REQUEST FOR ADMISSION NO. 1**:  Admit that on October 19, 2013 Henry G.

Collins ("Hank Collins") was insured with State Farm as well as his vehicle, a 2007 GMC

K1500,  under your Policy No. D009768-A14-42N (or its predecessor policy).

    **REQUEST FOR ADMISSION NO. 2**:  Admit that attached hereto as Exhibit "A", is a

Judgment entered against State Farm's insured, Hank Collins, finding that he was at fault in

causing the injury of Plaintiff on October 19, 2013.

    **REQUEST FOR ADMISSION NO. 3**:  Admit that according to the Judgment (Exhibit

"A"), the Court made the following findings of fact and conclusions of law:

1

SHELBY COUNTY
CHANCERY COURT
APR. 1 2 2016
DONNA L. RUSSELL, C & M
TIME: 1359  BY: An H

1.    That on October 19, 2013, Joan Haynes, Plaintiff, was a member of Colonial Park United Methodist Church ("Colonial Park"). On that date, at or about 9:30 a.m., Ms. Haynes, 81, arrived at Colonial Park for the purpose of volunteering for its annual Festival in the Park event planned for that day on the church premises.

2.    When Joan Haynes arrived at the primary entrance to the church, she paused to visit with other member-volunteers under a portico near a brick portico column (18" wide) at the entry.

3.    Defendant, Hank Collins (Henry G. Collins), had been hired by Colonial Park to perform work at the church, including the construction of a sound stage for the sanctuary [area of primary worship]. Collins was supervised by Connie Wakeman, a church member, acting as the construction supervisor, who was present at the time of the accident and witnessed it.

4.    At the time of the accident, a 4' x 8' plywood board, one half-inch in thickness was leaned by Collins against the 18" brick column in the portico walkway area near the primary church entrance, near Plaintiff, Joan Haynes, who stood visiting with church members as she prepared to enter the church to act as a volunteer at the Festival. At that time, the heavy 8 foot tall, plywood board fell on Joan Haynes, knocking her to the ground where she struck her head on a concrete planter, and fractured her right hip. Medical expenses and injuries for Ms. Haynes include the following:

    (a)    Medical expenses: $123,437.44

    (b)    Injuries:

        i)    Left hip intertrochanteric femur fracture with intramedullary nail (screw). An 11.17 inch nail/rod in her left femur was installed, which remains.

2

      ii)     Scalp laceration on head– 3cm [1.2 inches].

After her hip surgery, Joan was treated at OrthoMemphis for rehabilitation.  She  had periods of shortness of breath at rest and with minimal exertion.  Four months after surgery, she was still in recovery, and had pain radiating inside her knee, although her left hip was "somewhat" improved.  *She required additional hip surgery and received rehabilitative care.* She is now on a walker and is permanently disabled.

     5.     At the time of the accident, Collins, a handyman, was in the process of delivering and unloading a total of six (6) of these 4' x 8' one-half inch plywood boards, which unloading he had started, but had not completed delivery of same at the time of the accident.  The boards were building materials that were to be used by Collins at Colonial Park on October 19, 2013. Collins had parked his truck at or near the primary church entrance a few feet from where the Plaintiff's accident occurred.  Collins' truck was a 2007 GMC K1500 pick-up, 1GTEK19Z67Z191016.  In the process of, and prior to, completion of his delivery of the six (6) plywood boards, the first board unloaded (but not yet delivered to the sanctuary worksite), was leaned by Collins against the portico column; it fell onto Ms. Haynes, severely injuring her.

     6.     At the time, Collins stood in the area adjacent to where the accident occurred, as such waiting was a part of his unloading and the delivery of the said boards.  Collins was, at the time of the accident, aware of the danger of moving the large 8' x 4' plywood boards at a time when there were members and guests entering and exiting the church's primary entrance.  The tall plywood board that fell onto Joan Haynes was neither braced, blocked nor limited in height, and the consequent injury of Ms. Haynes was due to these errors.  The board that struck Joan

3

Haynes could have been leaned against the column having a total height of only 4 feet; however, Collins chose to stand it at its full 8 foot height, making it top-heavy. The cause of the board's fall was its height and the leaning of the tall plywood board improperly, and a slight or moderate breeze or gust, which Collins testified by deposition was normal and expected for an October day.

7.      The placement of the board by Collins was in an unsafe place and was a cause of the accident. In fact, the placement of the board, i.e., construction materials, in an entryway was a violation of the following Shelby County Building Code sections:

(i) **Storage and Placement.** Construction equipment and materials shall be stored and placed so as not to endanger the public, the workers or adjoining property for the duration of the construction project. Section 3301.2 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

(ii) **Remodeling and Additions.** Required *exits*, existing structural elements, fire protection devices and sanitary safeguards shall be maintained at all times during remodeling, *alterations*, repairs or *additions* to any building or structure. Section 3302.1 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

(iii) **Protection Required.** Pedestrians shall be protected during construction, remodeling and demolition activities as required by this Chapter and Table 3306.1. Signs shall be provided to direct pedestrian traffic. Section 3306.1 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

(iv) **Repair, Maintenance and Removal.** Pedestrian protection required by this Chapter shall be maintained in place and kept in good order for the entire length of time

4

pedestrians may be endangered. The owner or the owner's agent, upon the completion of the construction activity, shall immediately remove walkways, debris and other obstructions and leave such public property in as good a condition as it was before such work was commenced. Section 3306.8 [[Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

8.   The Complaint alleges the negligence of Collins. The court finds that Collins was negligent and at fault, and that Collin's fault, including several building code violations, was a proximate cause of the injuries sustained by Joan Haynes. The accident caused by and negligence of Henry G. Collins, arose out of Collins' ownership and negligent use and unloading of his truck, above described, at Colonial Park United Methodist Church. Collins' acts and omissions were a proximate cause of the bodily injuries of Joan Haynes; further, Collins' acts and omissions were the cause in fact and the legal cause of the bodily injuries and damages of the Plaintiff.

**REQUEST FOR ADMISSION NO. 4:** Admit that on August 29, 2014, acting for and on behalf of its own behalf, State Farm sent the attached letter (Exhibit "B), declining coverage for the losses in this matter and declining any defense to Hank Collins, its insured, with respect to the Complaint filed in Cause No. CT-004052-14 [See Request for Admission No. 2, supra].

**REQUEST FOR ADMISSION NO. 5:** Admit that a letter from Plaintiff's (Haynes) counsel, Mark Ledbetter, on September 10, 2015 (Exhibit "C"), which was sent to Derek Whitlock (Collins' attorney) was received by State Farm and never responded to, nor was any offer made to settle or compromise the claims of Joan Haynes prior to judgment by Defendant.

5

**REQUEST FOR ADMISSION NO. 6:** Admit that Defendant has no proof to the contrary of any of the facts or findings of the Court in Request for Admissions No. 3, _supra_. [If you deny or object in response, recite the basis in law and fact for such, including any statute, case law, document, photograph or witness who supports such response, denial or objection.

Respectfully submitted,

**HALLIBURTON & LEDBETTER**

MARK LEDBETTER ( TN #17637)
Attorney for Plaintiff
254 Court Avenue, Suite 305
Memphis, TN 38103
Phone: (901) 523-8153
Fax: (901) 523-8115

6

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOAN HAYNES,

    Plaintiff,

vs.                                                    No. CT-004052-14
                                                       **JURY TRIAL DEMANDED**

COLONIAL PARK UNITED METHODIST
CHURCH and HANK COLLINS,

    Defendants.

---

### JUDGMENT

On this date comes on for hearing the Complaint of the Plaintiff, Joan Haynes, statements of counsel, Confession of Judgment by Henry G. Collins, and evidence in support thereof, against the Defendant, Hank Collins a/k/a Henry G. Collins ("Collins"), 6027 Bartley Ridge, Bartlett, Tennessee 38135, from all of which the Court makes the following findings of fact and conclusions of law:

1.    That on October 19, 2013, Joan Haynes, Plaintiff, was a member of Colonial Park United Methodist Church ("Colonial Park"). On that date, at or about 9:30 a.m., Ms. Haynes, 81, arrived at Colonial Park for the purpose of volunteering for its annual Festival in the Park event planned for that day on the church premises.

2.    When Joan Haynes arrived at the primary entrance to the church, she paused to visit with other member-volunteers under a portico near a brick portico column (18" wide) at the entry.

3.    Defendant, Hank Collins (Henry G. Collins), had been hired by Colonial Park to perform work at the church, including the construction of a sound stage for the sanctuary [area of



primary worship]. Collins was supervised by Connie Wakeman, a church member, acting as the

construction supervisor, who was present at the time of the accident and witnessed it.

    4.    At the time of the accident, a 4' x 8' plywood board, one half-inch in thickness

was leaned by Collins against the 18" brick column in the portico walkway area near the primary

church entrance, near Plaintiff, Joan Haynes, who stood visiting with church members as she

prepared to enter the church to act as a volunteer at the Festival.  At that time, the heavy 8 foot

tall, plywood board fell on Joan Haynes, knocking her to the ground where she struck her head

on a concrete planter, and fractured her right hip.  Medical expenses and injuries for Ms. Haynes

include the following:

    (a)    Medical expenses: $123,437.44

    (b)    Injuries:

        i)    Left hip intertrochanteric femur fracture with intramedullary nail

(screw). An 11.17 inch nail/rod in her left femur was installed, which remains.

        ii)    Scalp laceration on head– 3cm [1.2 inches].

    After her hip surgery, Joan was treated at OrthoMemphis for rehabilitation.  She   had

periods of shortness of breath at rest and with minimal exertion.  Four months after surgery, she

was still in recovery, and had pain radiating inside her knee, although her left hip was

"somewhat" improved.  She required additional hip surgery and received rehabilitative care.  She

is now on a walker and *is* permanently disabled.

    5.    At the time of the accident, Collins, a handyman, was in the process of delivering

and unloading a total of six (6) of these 4' x 8' one-half inch plywood boards, which unloading

he had started, but had not completed delivery of same at the time of the accident.  The boards

were building materials that were to be used by Collins at Colonial Park on October 19, 2013.

2

Collins had parked his truck at or near the primary church entrance a few feet from where the Plaintiff's accident occurred. Collins' truck was a 2007 GMC K1500 pick-up, 1GTEK19Z67Z191016. In the process of, and prior to, completion of his delivery of the six (6) plywood boards, the first board unloaded (but not yet delivered to the sanctuary worksite), was leaned by Collins against the portico column; it fell onto Ms. Haynes, severely injuring her.

7. At the time, Collins stood in the area adjacent to where the accident occurred, as such waiting was a part of his unloading and the delivery of the said boards. Collins was, at the time of the accident, aware of the danger of moving the large 8' x 4' plywood boards at a time when there were members and guests entering and exiting the church's primary entrance. The tall plywood board that fell onto Joan Haynes was neither braced, blocked nor limited in height, and the consequent injury of Ms. Haynes was due to these errors. The board that struck Joan Haynes could have been leaned against the column having a total height of only 4 feet; however, Collins chose to stand it at its full 8 foot height, making it top-heavy. The cause of the board's fall was its height and the leaning of the tall plywood board improperly, and a slight or moderate breeze or gust, which Collins testified by deposition was normal and expected for an October day.

8. The placement of the board by Collins was in an unsafe place and was a cause of the accident. In fact, the placement of the board, i.e., construction materials, in an entryway was a violation of the following Shelby County Building Code sections:

(i) **Storage and Placement.** Construction equipment and materials shall be stored and placed so as not to endanger the public, the workers or adjoining property for the duration of the construction project. Section 3301.2 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

3

(ii) **Remodeling and Additions.** Required *exits*, existing structural elements, fire protection devices and sanitary safeguards shall be maintained at all times during remodeling, *alterations*, repairs or *additions* to any building or structure. Section 3302.1 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

(iii) **Protection Required.** Pedestrians shall be protected during construction, remodeling and demolition activities as required by this Chapter and Table 3306.1. Signs shall be provided to direct pedestrian traffic. Section 3306.1 [Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

(iv) **Repair, Maintenance and Removal.** Pedestrian protection required by this Chapter shall be maintained in place and kept in good order for the entire length of time pedestrians may be endangered. The owner or the owner's agent, upon the completion of the construction activity, shall immediately remove walkways, debris and other obstructions and leave such public property in as good a condition as it was before such work was commenced. Section 3306.8 [[Safeguards During Construction]. Memphis and Shelby County Building Code [2009 IBC].

9. The Complaint alleges the negligence of Collins. The court finds that Collins was negligent and at fault, and that Collin's fault, including several building code violations, was a proximate cause of the injuries sustained by Joan Haynes. The accident caused by and negligence of Henry G. Collins, arose out of Collins' ownership and negligent use and unloading of his truck, above described, at Colonial Park United Methodist Church. Collins' acts and omissions were a proximate cause of the bodily injuries of Joan Haynes; further, Collins' acts and omissions were the cause in fact and the legal cause of the bodily injuries and damages of the Plaintiff.

4

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED and DECREED that

the Plaintiff, Joan Haynes, have and be granted a judgment against Defendant, Hank Collins, for

the sum of One Hundred Thousand Dollars ($100,000.00), in addition to interest at the rate of 10

percent per annum from the date hereof, including court costs until paid, for all of which let

execution issue.

_Felicia Corbin Johnson_
Felicia Corbin-Johnson
Circuit Court Judge – Division I

Dated: _____

Approved as to form:

Mark Ledbetter  (TN #17637)
HALLIBURTON & LEDBETTER
254 Court Avenue, Suite 305
Memphis, TN 38103
Phone: (901) 523-8153
Fax: (901) 523-8115
Attorney for Plaintiff

A TRUE COPY ATTEST

JIMMY MOORE, Clerk

By _____ D.C.

5

**⊹ StateFarm**

August 29, 2014

State Farm Insurance
PO Box 661031
Dallas TX 75266-1031

HENRY G AND PATRICIA A COLLINS
6027 BARTLEY RIDGE
BARTLETT TN 38135

RE:    Claim Number:    42-466R-998
       Insured:         Henry G. Collins
       Date of Loss:    October 19, 2013

Dear Mr. & Mrs. Collins:

We have concluded our investigation as to the provision of coverage for the accident that happened on the above date at the Colonial Park United Methodist Church in Memphis, Tennessee, and wish to advise that there is no coverage for the following reason:

   "It is questionable whether the accident arose out of the ownership, maintenance, use, loading or unloading of an insured vehicle."

I invite you to review the policy language listed below:

Insuring Agreement

1.  *We* will pay:
    a.  damages an *Insured* becomes legally liable to pay because of:
        (1)  *bodily injury* to others; and
        (2)  damage to property
        caused by an accident that involves a vehicle for which that *Insured* is provided Liability Coverage by this policy;

Liability coverage will not extend for this loss, as the bodily injury of Ms. Joan Haynes was not caused by an accident involving the insured vehicle.

Should you have any additional information which would alter our decision, please contact your Claim representative Doreen Wallace at 877-336-5759 extension 615 692 3596.

Sincerely,

*Joe Mastropasqua*

Joe Mastropasqua
Team Manager
615 692 3306
State Farm Mutual Automobile Insurance Company

Providing Insurance and Financial Services                                    Home Office, Bloomington, IL

**EXHIBIT**

**B**

28/732/1831090

Cc:  John Thomas, J.D.
     The Hanover Insurance Company
     P. O. Box 15148
     Worchester, Massachusetts 01615-0148

     Agent Charlie Trotter (1765)

### HALLIBURTON & LEDBETTER
ATTORNEYS AT LAW
254 COURT AVENUE - SUITE 305
MEMPHIS, TENNESSEE 38103

Mark Ledbetter*
*Licensed in Tennessee & Arkansas

(901) 523-8153 - Phone
(901) 523-8115 - Fax
Email: mark794@aol.com

September 10, 2015

**_VIA EMAIL AND U. S. MAIL_**
Derek E. Whitlock
Harkavy Shainberg Kaplan & Dunstan, PLC
6060 Poplar Avenue, Suite 140
Memphis, TN 38119

Re:    Joan Haynes v. Colonial Park United Methodist Church and Hank Collins
       Case No.: CT-004052-14

Dear Derrick:

I am advised that your client has auto liability insurance with liability limits that may be $100,000 per person.

The point of this letter is to make a policy limits demand on Mr. Collins and State Farm. In his deposition, Mr. Collins made it clear that his vehicle was essential to the work that he was doing and to the delivery of the heavy plywood board to the church on the morning of the accident. It is now well established that the allegations of the Complaint are true as respects your client. I am presently in discussion with the other defendant about a mediation.

As respects your client and his liability with State Farm, please advise your client and the carrier of my settlement demand for the policy limits or $300,000.00, _whichever is less_. Please make demand upon State Farm to tender their limits, or incur an excess judgment, and to advise their position.

This offer will remain viable for ten (10) days. The case is set for trial on November 2, 2015. If there is no response, I will assume that State Farm's limits will increase in the event of a verdict in excess of their limits, regardless of the amount.

Sincerely,

Mark Ledbetter

ML/mg
cc: Matthew Moffitt, Esq. (via email)

**EXHIBIT C**

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

JOAN HAYNES,

     Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

Case No. CH- 16- 0629-3
JURY TRIAL DEMANDED

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

---

Comes now the Plaintiff, by and through her attorney of record, and propounds the following First Set of Interrogatories and First Set of Request for Production of Documents to Defendant, State Farm Mutual Automobile Insurance Company, to be answered in writing, under oath, and documents produced, as provided by the Tennessee Rules of Civil Procedure, Rule 33 and 34, and served upon Plaintiff's counsel in the time and manner required by law:

**INTERROGATORY NO. 1**: State the name, address and job title of the person answering these interrogatories on behalf of the Defendant. Include in your answer the following:

a.    If he/she is or has been employed by Defendant, state:

      i.    your employer, the nature of his/her duties, describing them, and job titles, if any, and

      ii.    the period of time spent by him/her in each job.

1

**INTERROGATORY NO. 2**: State whether State Farm Mutual Automobile Insurance Company policy number D009768-A14-42N for Mr. Collins [Note: The prior State Farm policy effective on October 19, 2013, is the one assigned, regardless of the exact number] was in effect at the time of this accident.

**INTERROGATORY NO. 3**:   Please state the facts upon which State Farm Mutual Automobile Insurance Company has failed and refused to pay on this policy.

**INTERROGATORY NO. 4**: Please state whether any records, reports or documents are maintained or prepared by the Defendant concerning the above referenced policy.

**INTERROGATORY NO. 5**: State the name, address, telephone number, occupation, employer, and area of expertise of each person whom you expect to call as an expert witness at trial and for each such person state:

a.      the subject matter on which the expert is expected to testify;

b.      the substance of the facts and opinions to which the expert is expected to testify;

c.      a summary of the grounds for each opinion;

d.      the expert's fees; and

e.      A list of cases, including Plaintiff's counsel's name, docket numbers, court, whether settled, dismissed or tried, in which the witness has testified at trial or by deposition.

**INTERROGATORY NO. 6**:  Please state the name, title and address of the person answering and possessing the information stated in each answer to these interrogatories and the

2

name, address and telephone number of any person known or believed to possess relevant knowledge of any fact material to this accident, to this vehicle and to this case, so that same may be deposed under Rule 30(b)(6), F.R.C.P.

**INTERROGATORY NO. 7**: State the name, last known address, and telephone number of each person known to you or reported to you, your agents, attorneys, or others acting on your

**INTERROGATORY NO. 8**: Please list any and all cases in which the Defendant or its parent were sued as a result of a claim in which loading or unloading was allegedly involved and was raised as a defense by this defendant, providing the docket number, plaintiff's name, court, outcome, whether verdict, settlement or appeal.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Produce a copy of State Farm policy number D009768-A14-42N for Mr. Collins concerning this matter.

**REQUEST FOR PRODUCTION NO. 2**: Produce a copy of the expert's report/opinion, c.v., and fee schedule.

3

Respectfully submitted,

**HALLIBURTON & LEDBETTER**

MARK LEDBETTER ( TN #17637)
Attorney for Plaintiff
254 Court Avenue, Suite 305
Memphis, TN 38103
Phone: (901) 523-8153
Fax: (901) 523-8115

4

S787M/00034

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

JOAN HAYNES,

      Plaintiff,

v.                            Docket No.:   CH-16-0629
                                                  Part 3

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

      Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant State Farm Mutual Automobile Insurance Company, by and through its counsel, hereby gives notice to the Chancery Court for Shelby County, Tennessee and to, Mark Ledbetter, attorney for Plaintiff, that the Defendant filed a Notice of Removal with the United States District Court for the Western District of Tennessee, and that this case has been removed to that court. A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

**LEWIS, THOMASON, KING, KRIEG
& WALDROP, P.C.**

By: _____
CHRISTOPHER L. VESCOVO  (14516)
JONATHAN L. MAY  (27408)
*Attorneys for Defendant State Farm Mutual
  Automobile Insurance Company*
2900 One Commerce Square
40 South Main Street
Memphis, TN 38103
(901) 525-8721
cvescovo@lewisthomason.com
jmay@lewisthomason.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person, via U.S. Mail, postage pre-paid, this the 20th day of May, 2016:

Mark Ledbetter, Esq.
*Counsel for Plaintiff*
254 Court Ave., Suite 305
Memphis, TN 38103

_____
Jonathan L. May

6675058

2